UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

SHAKHZOD YUNUSKHUJAEV,

Plaintiff,

-against-

JOSEPH BILLY TRAUGHBER and UNITED PARCEL SERVICE INC.,

Defendants.

------------------------------------------------------------------------X

Docket No.:

**VERIFIED COMPLAINT**

**JURY TRIAL DEMAND**

Plaintiff, SHAKHZOD YUNUSKHUJAEV, by and through his attorneys, WILLIAM SCHWITZER & ASSOCIATES, P.C., as and for his cause(s) of action, hereby alleges, upon information and belief, as follows:

**JURISDICTION**

1. This is a negligence action arising from a motor vehicle accident on April 7, 2026. The court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 due to the diversity of citizenship of the parties. In addition, the amount in controversy excluding interest and costs exceeds $75,000.00.

2. This Court has personal jurisdiction over Defendants **JOSEPH BILLY TRAUGHBER** and **UNITED PARCEL SERVICE INC.** pursuant to Federal Rules of Civil Procedure 4(k)(1)(A) and CPLR 302(a)(1).

**THE PARTIES**

3. That at all the times hereinafter mentioned, Plaintiff, **SHAKHZOD YUNUSKHUJAEV**, was and still is a citizen of the State of New York.

4. That at all the times hereinafter mentioned, Plaintiff, **SHAKHZOD YUNUSKHUJAEV**, was the operator of a motor vehicle bearing New Jersey State registration number C77UGW.

5. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **JOSEPH BILLY TRAUGHBER**, was and still is a citizen of the State of Tennessee.

6. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **UNITED PARCEL SERVICE INC.**, was and still is a domestic corporation authorized to do business under and by virtue of the laws of the State of Indiana.

7. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **UNITED PARCEL SERVICE INC.**, was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of Indiana.

8. That at all of the times hereinafter mentioned, and upon information and belief, the Defendant, **UNITED PARCEL SERVICE INC.**, maintained a principal place of business and headquarters located at 3147 West 169th Place, Hammond, Indiana 46323.

9. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **UNITED PARCEL SERVICE INC.**, was and still is a citizen of the State of Indiana.

10. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **UNITED PARCEL SERVICE INC.**, was and still is a domestic corporation authorized to do business under and by virtue of the laws of the State of Georgia.

11. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **UNITED PARCEL SERVICE INC.**, was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of Georgia.

12. That at all of the times hereinafter mentioned, and upon information and belief, the Defendant, **UNITED PARCEL SERVICE INC.**, maintained a principal place of business and headquarters located at 55 Glenlake Parkway Northeast, Atlanta, Georgia 30328.

13. That at all the times hereinafter alleged, and upon information and belief, the Defendant,

**UNITED PARCEL SERVICE INC.**, was and still is a citizen of the State of Georgia.

14. That at all times hereinafter alleged, and upon information and belief, Defendant **UNITED PARCEL SERVICE INC.** owned a motor vehicle bearing Indiana State registration number 3630984.

15. That at all times hereinafter alleged, and upon information and belief, Defendant **UNITED PARCEL SERVICE INC.** was the lessor of a motor vehicle bearing Indiana State registration number 3630984.

16. That at all times hereinafter alleged, and upon information and belief, Defendant **UNITED PARCEL SERVICE INC.** was the lessee of a motor vehicle bearing Indiana State registration number 3630984.

17. That at all times hereinafter alleged, and upon information and belief, Defendant **JOSEPH BILLY TRAUGHBER** operated a motor vehicle bearing Indiana State registration number 3630984.

18. That at all times hereinafter alleged, and upon information and belief, Defendant **JOSEPH BILLY TRAUGHBER** maintained a motor vehicle bearing Indiana State registration number 3630984.

19. That at all times hereinafter alleged, and upon information and belief, Defendant **JOSEPH BILLY TRAUGHBER** managed a motor vehicle bearing Indiana State registration number 3630984.

20. That at all times hereinafter alleged, and upon information and belief, Defendant **JOSEPH BILLY TRAUGHBER** controlled a motor vehicle bearing Indiana State registration number 3630984.

21. That at all times hereinafter alleged, and upon information and belief, Defendant **JOSEPH**

**BILLY TRAUGHBER** operated a motor vehicle bearing Indiana State registration number 3630984 with the knowledge, permission, and consent of Defendant **UNITED PARCEL SERVICE INC.**

22. That at all times hereinafter alleged, and upon information and belief, Defendant **JOSEPH BILLY TRAUGHBER** operated a motor vehicle bearing Indiana State registration number 3630984 for the business of Defendant **UNITED PARCEL SERVICE INC.**

23. That at all times hereinafter alleged, and upon information and belief, Defendant **JOSEPH BILLY TRAUGHBER** operated a motor vehicle bearing Indiana State registration number 3630984 within the scope of his employment of Defendant **UNITED PARCEL SERVICE INC.**

24. That at all times hereinafter alleged, and upon information and belief, Defendant **JOSEPH BILLY TRAUGHBER** maintained a motor vehicle bearing Indiana State registration number 3630984 with the knowledge, permission, and consent of Defendant **UNITED PARCEL SERVICE INC.**

25. That at all times hereinafter alleged, and upon information and belief, Defendant **JOSEPH BILLY TRAUGHBER** managed a motor vehicle bearing Indiana State registration number 3630984 with the knowledge, permission, and consent of Defendant **UNITED PARCEL SERVICE INC.**

26. That at all times hereinafter alleged, and upon information and belief, Defendant **JOSEPH BILLY TRAUGHBER** controlled a motor vehicle bearing Indiana State registration number 3630984 with the knowledge, permission, and consent of Defendant **UNITED PARCEL SERVICE INC.**

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

27. That at all times hereinafter mentioned, Briley Parkway, at or near Corporate Drive, County of Davidson, City of Nashville and State of Tennessee, was and still is a public highway used extensively by the public in general.

28. That on April 7, 2026, the aforesaid motor vehicles came in contact with one another.

29. The aforesaid accident and the injuries resulting therefrom were due to the careless, reckless and negligent manner in which the Defendants owned, operated, maintained, managed and controlled the motor vehicles, without the Plaintiff in any way contributing thereto.

30. That by reason of the foregoing and the negligence of the Defendants, Plaintiff **SHAKHZOD YUNUSKHUJAEV** was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled.

31. That by reason of the foregoing and the negligence of the Defendants, Plaintiff **SHAKHZOD YUNUSKHUJAEV** compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore for medicines and upon information and belief, the Plaintiff will necessarily incur similar expenses.

32. That by reason of the foregoing, Plaintiff **SHAKHZOD YUNUSKHUJAEV** has been unable to attend to his usual occupation in the manner required.

33. That by reason of the foregoing, Plaintiff **SHAKHZOD YUNUSKHUJAEV** has sustained serious injuries as defined in Section 5102 (d) of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in Section 5102 of the said Insurance Law.

34. One or more of the exceptions of §1602 of the Civil Practice Laws and Rules applies to the within action.

35. That by reason of the wrongful, negligent and unlawful actions of Defendants **JOSEPH BILLY TRAUGHBER** and **UNITED PARCEL SERVICE INC.**, and their employees, contractors, agents, and/or servants, and Plaintiff **SHAKHZOD YUNUSKHUJAEV** sustained

serious injuries and damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

**WHEREFORE**, Plaintiff, **SHAKHZOD YUNUSKHUJAEV**, demands a judgment against the Defendants in the sum of TEN MILLION ($10,000,000.00) DOLLARS all together with costs and disbursements of this action. Pursuant to Fed. R. Civ. P. 38(b) and 5(d), Plaintiff hereby demands that a jury be the trier (1) for all triable issue(s) in said action, and/or (2) for all issue(s) which are to be determined by the trier of fact. If any of the above issue(s) are determined by the Court, or determined via stipulation on consent of plaintiff, to be tried only before a Judge and not before a jury, then plaintiff formally demands a jury be the trier for all other and/or remaining (1) triable issue(s) in said action, and/or (2) issue(s) which are to be determined by the trier of fact.

Dated: New York, New York
May 8, 2026

Yours, etc.,
**WILLIAM SCHWITZER & ASSOCIATES, P.C.**

David L. Merlino, Esq.
*Attorneys for Plaintiff*
820 Second Avenue, 10th Floor
New York, New York 10017
(212) 683-3800

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK }
} ss:
COUNTY OF NEW YORK }

The undersigned, an attorney admitted to practice in the Federal Courts of New York State, including the Eastern District of the United States District of New York, and an associate of the law firm of William Schwitzer & Associates, PC, attorneys of record for the claimants herein, affirms:

That he has read the attached **COMPLAINT** and the same is true to his own knowledge, except as to the matters alleged on information and belief, and as to those matters, he believes them to be true to the best of her knowledge.

That affirmant's sources of information are facts as ascertained from claimants, upon investigation and files maintained in your affirmant's law office.

That this verification is made by your affirmant due to the fact that claimant does not presently reside within the county in which your affirmant maintains his law office, or is presently outside the county in which your affirmant maintains his law office.

The undersigned affirms under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing statements are true, and I understand that this document may be filed in an action or proceeding in a court of law.

Dated: New York, New York
May 8, 2026

David L. Merlino, Esq.

**Docket No.:**
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

SHAKHZOD YUNUSKHUJAEV,

Plaintiff,

-against-

JOSEPH BILLY TRAUGHBER and UNITED PARCEL SERVICE INC.,

Defendants.

---

**VERIFIED COMPLAINT**

---

**WILLIAM SCHWITZER & ASSOCIATES, P.C.**
***Attorneys for Plaintiff***
**820 Second Avenue, 10th Floor**
**New York, New York 10017**
**(212) 683-3800**
**Fax: (212) 685-2356**

---